United States District Court
for the
Southern District of Florida

| Larry Tyrone Williams, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-23045-Civ-Scola |
| | ) | |
| Wells Fargo Bank, N.A. and others, | ) | |
| Defendants. | ) | |

### Second Order Dismissing Complaint

Larry Tyrone Williams, proceeding pro se, seeks, it appears, to quiet title to certain real property and to recover damages from various defendants for violations of the Fair Debt Collection Practices Act and other federal statutes, as well as the Constitution, and perhaps state statutes. (Pl.'s Am. Compl., ECF No. 27.) Defendant Wells Fargo Bank, N.A., submits Williams' amended complaint should be dismissed for its failure to state a claim upon which relief can be granted or, alternatively, moves for a more definite statement. Because the Court finds Williams' amended complaint virtually unintelligible, it **grants** Wells Fargo's motion (**ECF No. 27**). Not only is Williams's complaint "so vague" and "ambiguous" that Wells Fargo "cannot reasonably prepare a response," Fed. R. Civ. P. 12(e), but, to the extent the Court can discern a request for relief from the allegations, Williams additionally has failed to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6).

This is Williams's second attempt to present a viable pleading. Previously, the Court dismissed Williams's complaint because he improperly sought to prosecute his claims, pro se, on behalf of a trust and because it did not comply with Federal Rules of Civil Procedure 8 and 10. In his amended complaint, Williams now acknowledges that he is proceeding on his own behalf. At the same time, Williams has now added a dozen or so new defendants, including a number of individuals as well as corporate entities. It is entirely unclear what liability these new defendants might have with respect to Williams's amended complaint. Additionally, once again, the Court is unable to discern what Williams's claims actually are, with respect to Wells Fargo or any of the other named defendants.

The Court, once more, directs Williams's attention to Federal Rules of Civil Procedure 8 and 10. These rules clearly set forth the general requirements of proper pleading. To be sure, Williams's complaint must set forth, for *each claim*, "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Further, Williams must set forth his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Fed. R. Civ. P. 10(b). In addition, the Court pointedly directs Williams to state each claim he has in a separate count. *Id.* Thus, to the extent he seeks to quiet title, each allegation pertaining to that claim must be listed under a heading titled, "Quiet Title Claim"; to the extent he seeks redress for violations of the FDCPA, again, each allegation pertaining to that claim must be listed under a heading titled, "FDCPA Claim"; and to the extent he seeks redress for any other causes of action, each count must be set forth individually, with its own corresponding heading. Williams must make it clear which factual allegations are pertinent to each claim for relief. Further, Williams must specify which Defendants are liable for each count. Without this specificity, the Defendants are unable to discern what Williams's claims actually are and are therefore rendered powerless to frame any responsive pleadings.

The Court, further, agrees with Wells Fargo that, to the extent Williams seeks to quiet title on real property, he has failed to state a claim upon which relief may be granted. The Court directs Williams to familiarize himself with the elements he must allege in order to properly state a claim upon which relief may be granted for each count he sets forth in his complaint. With respect to a quiet title action in Florida, a plaintiff must allege and ultimately prove the following: (1) the plaintiff has title to the property at issue; (2) there is a cloud or an adverse claim of interest on that title; and (3) the cloud or adverse interest is invalid. *Stark v. Frayer*, 67 So. 2d 237, 239–40 (Fla. 1953). The plaintiff must also allege the facts which appear to give the adverse interest or cloud validity as well as those facts the plaintiff believes show the interest or cloud is invalid. *Id.* at 239. Williams has not succeeded in properly stating a claim for relief with respect to his purported quiet-title action. That claim is thus dismissed, albeit without prejudice.

Additionally, regarding Williams's amended complaint, the Court is unsure of whether it has jurisdiction over this matter. If Williams believes the Court has federal-question jurisdiction, he must clearly state what that federal question is. If Williams believes the Court has diversity jurisdiction over this case, he must set forth the citizenship of every party in this case as well as allege that the amount in controversy satisfies the jurisdictional threshold of $75,000.

In conclusion, Williams's claim to quiet title, such as it is, is dismissed, without prejudice, for his failure to state a claim upon which relief may be granted. Additionally, the Court orders Williams to provide a more definite statement as provided for by Rule 12(e) and as detailed above. The Court thus **grants** Wells Fargo's motion (**ECF No. 15**). This will be Williams's third opportunity to present a viable complaint. He is advised that if his complaint fails to comply with the Court's directions, his case will be dismissed. Williams must file his second amended complaint on or before **May 9, 2019**.

Prior to the Court's ruling on Wells Fargo's motion to dismiss, Williams submitted a second amended complaint (ECF No. 32). This amended complaint was improperly filed and the Court therefore also **grants** Wells Fargo's motion, to which Williams did not respond, to strike this filing (**ECF No. 33**).

Finally, Williams has inundated the docket with a number of improper filings and motions while Wells Fargo's motion to dismiss was pending. The Court thus directs the Clerk to administratively **close** this case. The Court will reopen this case if Williams complies with the Court's order regarding his filing of a second amended complaint. Further, upon a showing of good cause, the Court will reopen this case if either party files a motion asking the Court to do so. In the meantime, the Court **denies** the remaining pending motions **as moot**.

The Court **directs** the Clerk to mail a copy of this order to the Plaintiff at the address indicated below.

**Done and ordered** at Miami, Florida, on April 25, 2019.

Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to*:
Larry Tyrone Williams
18901 Northwest 17th Court
Miami Gardens, FL 33056-9998